CHARLES SCHADE,
*Petitioner,*

*v.*

STATE BOARD OF PAROLE,
*Respondent.*

(CA A45954)

765 P2d 1255

Gary D. Babcock, Public Defender, Salem, argued the cause and submitted the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner was sentenced as a dangerous offender and is serving a thirty year term at the Oregon State Penitentiary for first degree rape. After an Oregon State Hospital psychiatrist determined that he no longer was a dangerous offender, the Board scheduled a parole release hearing and directed that petitioner be examined by psychologists Nance and Davis. Nance's report indicated that petitioner "must be regarded as having an extreme emotional disturbance and constitutes an imminent danger to the welfare and safety of others in the community." On the basis of that report, the Board ordered no change in petitioner's release date. Petitioner seeks review of the Board's order. We affirm.

Petitioner points out that ORS 144.226 provides that dangerous offenders should be examined by a psychiatrist appointed by the Oregon State Hospital Superintendent.[1] According to petitioner, once the psychiatrist reports that a prisoner is no longer a dangerous offender, ORS 144.228(1)(b) and OAR 255-38-005(1) compel the Board to release him, if he is "otherwise eligible."

Petitioner argues that his dangerous offender status ended before the parole release hearing was held. Although his matrix incarceration time was set at 30 to 40 months, he had served 164 months as of July 7, 1988. He thus reasons that he was "otherwise eligible" for parole under ORS 144.228(1)(b) and OAR 255-38-005(1). Moreover, the two psychologists are not "psychiatrists" appointed by the Oregon State Hospital Superintendent. Therefore, he contends, the Board erred in denying his release on the basis of their reports.

Petitioner mistakenly assumes that ORS 144.226 states the only circumstances under which a prisoner's release

---

[1] ORS 144.226 states, in part:

"(1) Any person sentenced under ORS 161.725 and 161.735 as a dangerous offender shall within 60 days prior to the parole consideration hearing under ORS 144.228 and at least every two years thereafter be given a complete physical, mental and psychiatric examination by a psychiatrist appointed by the Superintendent of the Oregon State Hospital. Within 60 days after the examination, the examining psychiatrist shall file a written report of findings and conclusions relative to the examination with the Director of the Department of Corrections and chairperson of the State Board of Parole."

may be conditioned on the results of a mental evaluation. ORS 144.228(1)(b) states:

> "At the parole consideration hearing, the prisoner shall be given a release date in accordance with the applicable range and variation permitted if the condition which made the prisoner dangerous is absent or in remission. In the event that the dangerous condition is found to be present, reviews will be conducted at least once every two years until the condition is absent or in remission, at which time release on parole shall be ordered *if the prisoner is otherwise eligible under the rules.* In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court." (Emphasis supplied.)[2]

ORS 144.223(1) and OAR 255-60-005 provide the Board the authority to order a psychological evaluation as part of its determination of whether a prisoner is "otherwise eligible" for release on parole. ORS 144.223(1) states:

> "The State Board of Parole may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole."

OAR 255-60-005 provides, in part:

> "(1) At any time prior [to] a prisoner's scheduled parole release date, the Board may conduct a parole release hearing to review the prisoner's parole plan, psychiatric/psychological reports, if any, and conduct while in confinement. * * *
>
> "* * * * *
>
> "(7) If the record indicates that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present, the Board may order a psychiatric/psychological report to consider the deferral of the scheduled parole release until a specified future date * * *."

Petitioner's psychological evaluation demonstrated that he was not qualified for parole under the Board's rules. Accordingly, the Board did not err in issuing its order.

Affirmed.

---

[2] Similarly, OAR 255-38-005(1) states, in part:

"If at the parole consideration hearing or a subsequent review the condition is determined to be absent or in remission, the Board shall set a release date or order parole *if the prisoner is otherwise eligible under the rules.*" (Emphasis supplied.)