Argued and submitted March 13, 2013, affirmed January 22, petition for review denied July 9, 2015 (357 Or 550)

ARLEN PORTER SMITH,
*Plaintiff-Appellant,*

*v.*

Donald MILLS
and Terrell L. Templeman,
*Defendants-Respondents.*

Marion County Circuit Court
09C19095; A145677

342 P3d 1034

Tonia L. Moro, Assistant Federal Public Defender, argued the cause and filed the briefs for appellant.

Ryan Kahn, Assistant Attorney General, argued the cause for respondents. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.*

HASELTON, C. J.

_____

* Haselton, C. J., *vice* Wollheim, S. J.

## HASELTON, C. J.

This appeal pertains to one of two matters in which plaintiff sought to compel the attendance of two witnesses at his parole consideration hearing. ORS 144.228. The first appeal arose from an order of the Board of Parole and Post-Prison Supervision (board) quashing subpoenas *duces tecum* that had been issued to the witnesses by plaintiff's attorney. *Smith v. Board of Parole*, 268 Or App 457, 343 P3d 245 (2015). This appeal arose thereafter, when plaintiff initiated a contempt proceeding, filing a motion for issuance of an order to show cause, seeking to compel the putative witnesses to comply with the same subpoenas *duces tecum*. The trial court dismissed the matter on a variety of alternative grounds, including a determination that plaintiff was not legally entitled to subpoena witnesses to the parole consideration hearing.[1] We affirm.

The predicate facts are, for the most part, recounted in our opinion in the companion *Smith* case decided this date. The circumstances most essential to our consideration here are as follows:

Prior to plaintiff's July 8, 2009, parole consideration hearing, plaintiff's attorney issued subpoenas *duces tecum* to defendant Dr. Templeman, plaintiff's examining psychologist, and to defendant Donald Mills, the superintendent of Two Rivers Correctional Institution. Neither defendant appeared at plaintiff's parole consideration hearing, and the board ordered the subpoenas quashed. Following a hearing on August 12, 2009, the board deferred petitioner's parole consideration date to September 5, 2011.

Sometime after the board's August 12, 2009, hearing, plaintiff filed his "Motion for Issuance of Order to Show Cause" in Marion County Circuit Court. Plaintiff argued, as he did to the board in *Smith*, 268 Or App at 461, that he had the right to subpoena witnesses under the provisions of ORS 183.445, ORS 144.315, and ORS 183.413, and as a matter of "due process" under Article I, section 10, of the Oregon Constitution and the Fourteenth Amendment to the

---

[1] Given our disposition, there is no need to recount the other alternative grounds for dismissal that defendants urged.

United States Constitution.[2] Defendants moved to dismiss, arguing, *inter alia*, that plaintiff had no statutory or constitutional entitlement to subpoena witnesses for the parole consideration hearing. The trial court allowed that motion.

On appeal, plaintiff advances the same statutory and constitutional arguments that he raised below and in his petition for judicial review of the board's orders. Thus, plaintiff's position here is, ultimately, predicated on the identical statutory and constitutional provisions that we have now addressed, and found inapposite, in the companion *Smith* case. *See Smith*, 268 Or App at 463, 465-66, 467-68 (concluding that there is no statutory entitlement under ORS 144.315, ORS 183.413, and ORS 183.445, or constitutional entitlement under Article I, section 10, or the Due Process Clause of the Fourteenth Amendment to subpoena witnesses to a parole consideration hearing pursuant to ORS 144.228).

Affirmed.

---

[2] The pertinent language of those statutory and constitutional provisions is set out in *Smith*, 268 Or App at 462, 463, 466-67.