Argued and submitted February 23, affirmed April 27, petition for review denied October 20, 2016 (360 Or 465)

PATRICK HUGH MORRISON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A157849

374 P3d 948

Kali Montague, Deputy Public Defender, argued the cause for petitioner. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Dustin Buehler, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F.

Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

### LAGESEN, J.

Petitioner, a dangerous offender, *see* ORS 161.725, ORS 161.735, and ORS 144.228, seeks review of a final order of the Board of Parole and Post-Prison Supervision. In the order, the board (1) found that defendant remained dangerous and, therefore, was not eligible to have a parole release date set; and (2) determined that petitioner's next parole consideration hearing should be held in 2019, six years after the date of the previous hearing. We review for legal error and substantial evidence, (including substantial reason), ORS 144.335(3), ORS 183.482(8), *Jenkins v. Board of Parole*, 356 Or 186, 205, 335 P3d 828 (2014), and affirm the board's order.[1]

Where, as here, a prisoner has been sentenced as a dangerous offender, the board is prohibited from setting a parole release date for that prisoner unless the board is able to find affirmatively that the prisoner is no longer dangerous or, alternatively, that the prisoner remains dangerous but can be adequately controlled in the community with available supervision and treatment. *See* ORS 144.228(1)(b)(A) (2011).[2] When the board is unable to make the predicate findings to set a release date for a prisoner sentenced as a dangerous offender, it must schedule a new parole consideration hearing to reconsider the matter in the future. *Id.*; ORS 144.228(1)(b) (1987).

Under the version of ORS 144.228 in effect at the time of petitioner's crimes in 1988, the board was required to hold that new parole consideration hearing no later

---

[1] The "substantial reason" standard is implicit in the "substantial evidence" standard of review supplied by ORS 183.482(8)(c). *Jenkins*, 356 Or at 205.

[2] At the time that petitioner committed his crimes, the board could set a release date for a prisoner only if it was able to find that the prisoner was no longer dangerous. *See Davis v. Board of Parole*, 341 Or 442, 447, 144 P3d 931 (2006) (concluding that, under ORS 144.228(1)(b) (1991)—which is worded identically to ORS 144.228(1)(b) (1987)—"if the board is not persuaded that the condition that made the prisoner dangerous is absent or in remission, then the board may not set a release date and the prisoner must continue to serve the dangerous offender sentence that the trial court imposed"). In 1993, the legislature amended the statute to permit the board to set a release date for a prisoner who the board found remained dangerous but who could be adequately controlled in the community. Or Laws 1993, ch 334, § 3.

than two years from the date of the previous hearing. ORS 144.228(1)(b) (1987). In addition, the statute authorized the board to entertain requests for earlier parole consideration hearings. ORS 144.228(1)(c) (1987).

In 2009, the legislature amended ORS 144.228 to change that procedure. Or Laws 2009, ch 660, § 4. The changes allow the board to schedule parole consideration hearings up to 10 years apart. *Id.* Specifically, as a result of the amendments, when the board is unable to make the predicate findings to set a release date, it is authorized to set the next parole consideration hearing on a date "no less than two years, and no more than 10 years, from the date of the previous review." ORS 144.228(1)(b)(A). In order to set the next hearing date more than two years out, the board must find "that it is not reasonable to expect that the prisoner would be granted a release date before the date of the subsequent hearing." ORS 144.228(1)(b)(B). As before, once the board has set the next hearing date, a prisoner may still request that the board hold an earlier parole consideration hearing. ORS 144.228(1)(c). Now, however, if the board has set the date for the prisoner's next parole consideration hearing "more than two years from the date of the previous hearing," the prisoner must wait at least two years from the date of the last hearing to submit a request for an earlier hearing. *Id.*

In this case, petitioner is serving "dangerous offender" sentences imposed pursuant to ORS 161.725 and ORS 161.735 for crimes that he committed in 1988. Following a parole consideration hearing in 2013, the board made two determinations. First, the board found that petitioner remained dangerous and concluded that, for that reason, he did not currently qualify to have a parole release date set under ORS 144.228(1). Second, as authorized by ORS 144.228(1)(b), as amended in 2009, the board determined that petitioner's next parole consideration hearing should be held in 2019, based on its finding that it was not reasonable to expect that petitioner would be granted a release date before that time. As required by statute, the board made that finding using the criteria established in administrative rules that the board has adopted for that very purpose. ORS

144.228(1)(b)(C); OAR 255-062-0016. Had the board applied the version of ORS 144.228 in effect in 1988, the board would have been required to schedule petitioner's next parole consideration hearing for a date in 2015, no later than two years after the date of his last one. *See* ORS 144.228(1)(b) (1987).

Before us, petitioner challenges both aspects of the board's order. He argues that that the board's finding that he remains dangerous is not supported by substantial evidence or substantial reason, and was rendered in a "fundamentally unfair" manner that violates due process. As to the board's determination that his next parole consideration hearing should be in 2019, petitioner argues that the board's use of the 2009 version of ORS 144.228 to make that determination violates his rights under the *ex post facto* clauses of Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the United States Constitution. Petitioner contends that the version of ORS 144.228 in effect at the time of his crimes required the board to schedule parole consideration hearings every two years and that the 2009 changes to the law, which allow for less frequent parole consideration hearings, have increased the risk that he will have to serve a longer term of incarceration than he would under the prior version of the statute.

As to petitioner's challenge to the board's finding that he remains dangerous, we are persuaded that the record as a whole supports that finding, that the board's order sufficiently links the evidence in the record to the board's finding, and that the board did not render that finding in a "fundamentally unfair" way so as to violate petitioner's due process rights. Accordingly, we reject without further discussion petitioner's contentions to the contrary.

We also reject petitioner's *ex post facto* challenge to the board's application of the 2009 version of ORS 144.228 to set his next parole consideration hearing at a date six years from the date of the last one. The effect of the 2009 statutory changes was to authorize the board to hold parole consideration hearings less frequently than at two-year intervals in a limited class of cases; namely, those in which it is not reasonable to think that the prisoner will qualify to receive a

release date any earlier than the date of the next scheduled hearing.

The statutory changes do not, on their face, create a risk of increased punishment. That is, nothing in them changes the substantive standard for determining whether a dangerous offender qualifies to have the board set a parole release date, or otherwise purports to extend the applicable term of incarceration for a dangerous offender. Accordingly, to prevail on his state and federal constitutional *ex post facto* challenges, petitioner is required to demonstrate—through something other than speculation—that the change in law created a risk that petitioner's term of incarceration would be extended beyond what it otherwise would have been. *Smith v. Board of Parole*, 343 Or 410, 419-20, 171 P3d 354 (2007) (rejecting state and federal *ex post facto* challenges to changes in board composition and voting requirements because it was "too speculative" that the changes would have the effect of increasing the prisoner's term of incarceration beyond what it otherwise would have been under former procedures); *Butler v. Board of Parole*, 194 Or App 164, 171-73, 94 P3d 149, *rev den*, 337 Or 555 (2004) (rejecting state and federal *ex post facto* challenges to changes in parole procedure where the effect of those changes on the prisoner's terms of incarceration was speculative); *Garner v. Jones*, 529 US 244, 256, 120 S Ct 1392, 146 L Ed 2d 236 (2000) (rejecting *ex post facto* challenge to change in parole process to decrease frequency of parole review hearings where the prisoner's claim "rest[ed] upon speculation").[3] In other words, petitioner was required to prove his claim that the changes in procedure created a risk of increased punishment with evidence, not supposition. *Garner*, 529 US at 255 (explaining that, to prevail on *ex post facto* challenge, where the challenged law, on its face, did not increase punishment, the challenger had to demonstrate with evidence that the

---

[3] Although the case law indicates that the *ex post facto* analysis under the state constitution may differ in some respects from the analysis under the federal constitution, the case law is clear that, under either constitution, a person raising an *ex post facto* challenge to a change in parole procedure must demonstrate in a non-speculative way that the change has resulted in a significant risk that the person's punishment will be increased. *Smith*, 343 Or at 419-20; *Butler*, 194 Or App at 171-73.

law's "retroactive application will result in a longer period of incarceration than under the earlier [law]").

Petitioner in this case did not make the necessary showing; instead, he has based his claims on his speculation that the decrease in frequency of parole consideration hearings will necessarily have the effect of increasing the risk that he will serve a longer term of incarceration. Moreover, the record, if anything, tends to affirmatively refute petitioner's contentions. As noted, to set petitioner's next parole consideration hearing date six years out, the board had to find affirmatively that "it is not reasonable to expect that [petitioner] would be granted a release date before the date of the subsequent hearing." ORS 144.228(1)(b)(B). The board, in fact, made that finding, and that finding is supported by the record. Under those circumstances—where the board has made a supported factual finding that it is unreasonable to think that petitioner will be eligible to receive a parole release date any sooner than the date on which the board set the next parole consideration hearing—it is speculative (if not affirmatively unlikely) that the change in procedure gave rise to any risk of increasing petitioner's term of incarceration.

Affirmed.