PER CURIAM
*749 *444 Petitioner seeks judicial review pursuant to ORS 144.335 of a final order of the Board of Parole and Post-Prison Supervision following a 2017 murder review hearing under ORS 163.105.[1] In that order, the board determined that petitioner failed to prove that he was likely to be rehabilitated in a reasonable period of time and scheduled his next murder review hearing four years out. Petitioner contends that the board's determination regarding the likelihood of his rehabilitation is not supported by substantial evidence or substantial reason. On review of the record, we disagree. Petitioner also contends that the board's decision to schedule his next murder review hearing four years out violates the state and federal constitutional prohibitions on ex post facto laws because, at the time of his crimes, the board was required to schedule murder review hearings biennially. That argument, as petitioner acknowledges, is foreclosed by our decision in Morrison v. Board of Parole , 277 Or. App. 861, 374 P.3d 948, rev. den. , 360 Or. 465, 384 P.3d 152 (2016).
Affirmed.

We recently reversed the board's final order resulting from petitioner's 2015 murder review hearing on the ground that one of the factual findings was not supported by substantial evidence and remanded to the board to reconsider its decision without relying on that finding. Aikens v. Board of Parole , 298 Or. App. 14, 446 P.3d 79 (2019). That decision does not moot this case because the board will not necessarily find in petitioner's favor on remand. That means a favorable ruling in this case would have a practical effect on petitioner's rights.