610 December 10, 2025 No. 1073

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ELIZABETH DIANE DOWNS,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A183460

Submitted November 10, 2025.

Elizabeth Diane Downs filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (the board), which denied her request for a parole consideration hearing pursuant to ORS 144.228(1)(c).[1] Petitioner raises three assignments of error. First, she contends that the board "failed to conduct parole consideration hearings every two years as mandated by ORS 144.228." Second, she contends that the board "failed to conduct a parole consideration hearing after Petitioner provided reasonable cause to believe she is suffering from no severe personality disorder." And, third, she contends that the board "failed to address Petitioner's claim her Court Ordered Sentence expires on 5-9-2024."

Reviewing for "legal error and substantial evidence[] (including substantial reason)," *Morrison v. Board of Parole*, 277 Or App 861, 863, 374 P3d 948, *rev den*, 360 Or 465 (2016), we affirm.[2]

Petitioner first contends that she is entitled to a parole hearing every two years under "the 1984 version of ORS 144.228," because that is the version of ORS 144.228 that was in effect when petitioner was sentenced. We understand petitioner to argue that the board erred in applying

---

[1] ORS 144.228(1)(c) provides:

"Nothing in this section precludes a prisoner from submitting a request for a parole consideration hearing prior to the earliest time the prisoner is eligible for parole. If the board grants a prisoner a review hearing that is more than two years from the date of the previous hearing, the prisoner may submit a request for an interim review hearing not earlier than the date that is two years from the date of the previous hearing and at intervals of not less than two years thereafter. Should the board find, based upon a request described in this paragraph, that there is a reasonable cause to believe that the prisoner is no longer dangerous or that necessary supervision and treatment are available based upon the information provided in the request, it shall conduct a review as soon as is reasonably convenient."

[2] We note that, on appeal, the board filed both a "redacted answering brief," in which certain information was redacted, and a "confidential answering brief," which did not contain redactions. From petitioner's reply brief, which asserted that "this court should at least require respondent to unredact their brief so petitioner can reply to their answer," we understood petitioner, who is *pro se* and incarcerated, to have not received a copy of the board's confidential answering brief. On its own motion, this court forwarded a copy of the confidential answering brief to petitioner and allowed petitioner 60 days to file an amended reply brief. No amended reply brief was filed by petitioner and this case was scheduled for submission.

the present version of ORS 144.228, because applying the present version of ORS 144.228 violates the *ex post facto* clauses of Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the United States Constitution.[3] That argument is foreclosed by our decision in *Morrison*, 277 Or App at 865, which rejected the petitioner's "*ex post facto* challenge to the board's application of the 2009 version of ORS 144.228 to set his next parole consideration hearing at a date six years from the date of the last one."

Petitioner next contends that "respondent failed to conduct a parole consideration hearing after Petitioner provided reasonable cause to believe she is suffering from no severe personality disorder," which we understand to be an assertion that the board's order was not supported by substantial evidence and substantial reason. Petitioner asserts that she "provided evidence in the form of psychiatric reports that prove she never did suffer from a severe personality disorder, therefore she couldn't possibly still be suffering from a disorder that never existed in the first place." Having reviewed the board's order and petitioner's submission to the board, we conclude the board did not err when it determined that petitioner "did not meet [her] burden of proof." *See* OAR 255-062-0021 ("The inmate bears the burden of producing evidence sufficient to convince the Board that an interim hearing is warranted."); OAR 255-005-0005(58) (defining "reasonable cause" to mean "[t]he quantum of information that would cause a reasonably prudent person to believe that a condition or circumstance exists").

Finally, petitioner contends that she should be "discharged from custody" because her "court ordered sentence has expired." Petitioner's argument starts from an incorrect premise. As the board explained, the "court imposed [on petitioner] a sentence of life for the murder of one child and thirty years and twenty years for the attempted murder of [petitioner's] two surviving children."

Petitioner was sentenced as a dangerous offender prior to 1989. Petitioner cannot be released on parole by the

---

[3] ORS 144.228—which was last amended in 2009—allows "the board to schedule parole consideration hearings up to 10 years apart." *Morrison*, 277 Or App at 864.

board unless and until the board finds that petitioner is no longer dangerous or that petitioner remains dangerous but can be adequately controlled with supervision and mental health treatment. *See* OAR 255-036-0005(2) (providing that a "person sentenced as a dangerous offender for felonies committed prior to November 1, 1989 is eligible for parole" release "[a]fter having served the Board ordered prison term" *and* either (1) the board "finds the inmate no longer dangerous" or (2) the board finds "the inmate remains dangerous but can be adequately controlled with supervision and mental health treatment and that the necessary resources for supervision and treatment are available to the inmate").

Affirmed.